IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JEREMY MICHAEL MCCARTY                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:23cv333-TBM-RPM

CITY OF BILOXI, MISSISSIPPI, AARON
SMITH, INDIVIDUALLY; ANDREW ENGLAND,
INDIVIDUALLY, DAVID ABBOT, INDIVIDUALLY;
TRI NGUYEN, INDIVIDUALLY; BROCK NEWELL,
INDIVIDUALLY, BRANDI VAN FOSSEN,
INDIVIDUALLY; CHRIS HINES, INDIVIDUALLY;
AND JOHN/JANE DOES 1-10, INDIVIDUALLY                               DEFENDANTS

<u>JOINT MOTION FOR SUMMARY JUDGMENT</u>

COME NOW the Defendants, City of Biloxi, Mississippi (hereinafter "Biloxi"), current

Biloxi Police Officers Brock Newell and Kris Hines[1] ("Newell" and "Hines"), and former Biloxi

Police Officers Andrew England ("England"),  David Abbot ("Abbot"), Tri Nguyen ("Nguyen"),

and Brandi Van Fossen ("Van Fossen"), and file this Joint Motion for Summary Judgment as to all

claims[2] filed by the Plaintiff, Jeremy McCarty, and would show unto the Court as follows:

I.

McCarty filed his original Complaint on November 24, 2023.  *See* ECF 1.  The

Complaint named the City of Biloxi, Smith, England, Abbott, Ngueyn, Newell, Van Fossen and

Hines as Defendants.  All individual defendants were police officers for the City of Biloxi as of

November 25, 2020, but only Newell and Hines remained employed as police officers with the

City of Biloxi when the complaint was filed.  *See* ECF 1.

---

[1] The original complaint misspelled Lt. Hines' first name as "Chris" and it is spelled correctly herein.
[2] The Defendants previously filed a Joint Motion for Partial Summary Judgment, which Plaintiff conceded.  *See* ECF
37 and 42.

II.

McCarty's Complaint contained four counts filed pursuant to 42 U.S.C. § 1983 including claims of unreasonable seizure, excessive force, failure to intervene, and municipal liability.  *See* ECF 1 at 4-6.  Biloxi answered this Complaint and raised the appropriate defenses to these claims pursuant to 42 U.S.C. § 1983.  *See* ECF 21.  Each properly served individual defendant[3] officer answered the Complaint raising qualified immunity among their defenses *See* ECF 22-27.

III.

McCarty also included "common law" claims of false arrest, assault and battery, intentional infliction of emotion distress, and malicious prosecution as to the other state law claims.  *See* ECF 1 at 7-9.  All defendants answered these state law claims raising as defenses the appropriate Mississippi Statute of Limitations as to each claim and defenses applicable under the Mississippi Torts Claim Act ("MTCA").  Only the claims filed pursuant to 42 U.S.C. § 1983 and McCarty's state law claim of intentional infliction of emotional distress will be addressed in this Motion for Summary Judgment since McCarty conceded the prior Motion for Partial Summary Judgment as to the other state law claims.  *See* ECF 42.

IV.

*Heck v. Humphrey*, 512 U.S. 477 (1994) prohibits a plaintiff from using a § 1983 suit to challenge the validity of their conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated.  ***Daigre v. City of Waveland, Miss***., 549 Fed. Appx. 283 (5th Cir. 2013) (citing ***Bush v. Strain***, 513 F. 3d 492, 497 (5th Cir. 208)).  A single narrative of an unprovoked police attack with broad claims of innocence that relate to the entire encounter necessarily challenges the validity of the subsequent

---

[3] McCarty failed to serve former officer Smith in a timely manner and in response to a Show Cause Order conceded Smith should be dismissed as a defendant.  [ECF 28, 29]

convictions and are thus barred by *Heck*.  See *Ducksworth v. Rook*, 647 Fed. Appx. 383, 386

(5th Cir. 2016); See also *Daigre v. City of Waveland, Miss*., 549 Fed. Appx. 283 (5th Cir. 2013).

V.

McCarty has alleged broad claims of innocence which address his entire arrest encounter

similar to *Ducksworth* and *Daigre* and McCarty specifically challenges the validity of his guilty

plea to simple assault on the police officers.  *See* ECF #1 at p. 6 para. 20(d).  To grant McCarty's

relief as requested would necessarily invalidate his underlying convictions for simple assault on

police officers and thus his claim is barred under *Heck*.

VI.

For McCarty to succeed in his claim for arrest without probable cause, he must establish

that the defendants were personally involved in the deprivation of his constitutional rights or that

their wrongful actions were casually connected to that deprivation.  *Braswell v. Jackson County,*

*Miss.*, 2016 WL 297719 *2 (S.D. Miss. 2016) (citing *Jones v. Lowndes Cty., Miss*., 678 F.3d

344, 349 (5th Cir. 2012)).  In a case involving an arrest without a warrant, the test for whether an

officer had probable cause is whether, at the moment of the arrest, the officer had knowledge that

would warrant a reasonable person to conclude the suspect had committed or was in the process

of committing an offense.  *Atwood v. Tullos*, 312 F. Supp. 3d 553, 563 (S.D. Miss. 2018) (citing

*Mangieri v. Clifton*, 29 F. 3d 1012, 1016 (5th Cir. 1994)).

VII.

All of the individual defendants here, with the exception of Hines, are not liable as they

were not present at the initial arrest of McCarty.  However, all officers would be entitled to

qualified immunity since Smith had probable cause to arrest McCarty.  Therefore, all officers in

3

this case are entitled to qualified immunity on McCarty's claims for arrest without probable cause.

## VIII.

In order for McCarty to succeed on a claim for excessive force where qualified immunity has been asserted, the plaintiff must show that a statutory or constitutional right was violated on the facts alleged and that the defendant's actions violated clearly established constitutional or statutory rights which a reasonable person would have known. *Griggs v. Brewer*, 841 F. 3d 308, 312-313 (5th Cir. 2016) (citing *Flores v. City of Palacios*, 381 F. 3d 391, 395 (5th Cir. 2004)).

## IX.

All of the officers are entitled to qualified immunity. Smith was the only officer who arrested McCarty. As for the other officers, their actions cannot be considered excessive. Hines, Abbot, and Newell never even came into physical contact with McCarty. At all times, McCarty was actively resisting arrest.

## X.

England's only contact with McCarty was assisting Smith in placing McCarty back into the patrol car after he actively resisted arrest and assaulted Smith and then England. England then escorted him to the transport van. Nguyen and Van Fossen's only contact with McCarty was escorting him to the transport van. England, Nguyen, and Van Fossen's only contact came after McCarty began to actively resist arrest. At no point did any of the officers strike, tase, or tackle McCarty to the ground. Video shows that the minimum amount of force necessary to transport and place a drunken and belligerent arrestee was used to transport McCarty as he actively resisted arrest. Therefore, the officers' conduct here is not unreasonable in light of the clearly established law and are thus each is entitled to qualified immunity.

XI.

McCarty additionally asserts claims against all officers under the 14th Amendment for

failing to intervene.  *See* ECF 1.  Failure to intervene claims require the "…plaintiff to show that

an officer was present while another officer violated someone's constitutional right, was aware of

the violation, and had a clear opportunity to intervene but failed to do so." ***Tuttle v. Sepolio***, 68

F. 4th 969, 974 (5th Cir. 2023) (citing ***Joseph v. Bartlett***, 981 F. 3d 319, 343 (5th Cir. 2020)).  An

officer who was not present at an alleged constitutional violation cannot be liable for failure to

intervene. ***Tilman v. Clarke County***, 514 F. Supp. 3d 884, 889 (S.D. Miss. 2021); See also ***Tuttle***

***v. Sepolio***, 68 F. 4th 969, 974-75 (5th Cir. 2023).

XII.

McCarty's claims for failure to intervene fail against Nguyen, England, Van Fossen,

Abbot, and Newell since they were not present when McCarty was arrested and detained by

Smith.  As for Officer Hines, there is no liability under a failure to intervene claim because there

was no underlying constitutional violation that Hines could have intervened to stop.  Officer

Smith had probable cause to arrest McCarty.  No force was used to effectuate the arrest.  Officer

Hines was not present at the Biloxi Police station when McCarty was actively resisting arrest,

assaulting police officers, and was ultimately transported from the police department.  Therefore,

for the same reasons addressed in response to McCarty's excessive force claim above, all of the

officers are entitled to qualified immunity.

XIII.

Finally, McCarty asserts that the city is liable for the officers' actions for maintaining a

policy, custom, or practice that has been the cause of his alleged rights violations.  *See* ECF 1.  A

municipality cannot be held liable on a theory of vicarious liability under 42 U.S.C. § 1983.

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978). Rather, in order for McCarty to be successful on this claim he must show that: "'(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy (or custom).'" *Scott v. Pyles*, 596 F. Supp. 3d 623, 631 (S.D. Miss. 2022) (citing *Robinson v. Hunt Cnty*., 921 F. 3d 440, 447 (5th Cir. 2019)).

## XIV.

In this case, McCarty has failed to show a policy or persistent violations that constitute custom and policy that could be attributed to the City. McCarty also cannot show that there was a policy that was promulgated by a municipal policymaker. Therefore, McCarty's claim for municipal liability under § 1983 fails.

## XV.

McCarty has also claimed intentional infliction of emotional distress as to all named defendants. *See* ECF 1. A claim of intentional infliction of emotional distress requires a showing that:

> "(1) The defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; (2) the defendant's acts are ones 'which evoke outrage or revulsion in civilized society'; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff 'suffered severe emotional distress as a direct result of the acts of the defendant'; and (5) 'such resulting emotional distress was foreseeable from the intentional acts of the defendant.'"

*Goode v. Walmart, Inc*., 372 So. 3d 149, 163 (Miss. Ct. App. 2023) (citing *Pointer v. Rite Aid Headquarters Corp*., 327 So. 3d 159, 170 (Miss. Ct. App. 2021)). If a defendant has probable cause to initiate prosecution, "no reasonable juror could find that detention, handcuffing, and

arrest" constitutes intentional infliction of emotional distress. *Goode*, 372 So. 3d at 163 (citing

*Lee v. MGM Resorts Mississippi, Inc*., 200 So. 3d 1129 (Miss. Ct. App. 2016)).

## XVI.

The City is immune from McCarty's claim for intentional infliction of emotional distress

because it involves malicious conduct. Such a claim may only be brought against employees in

their individual capacity. As to the individual defendants, the facts demonstrate McCarty was

clearly intoxicated, was carrying a loaded concealed weapon without a permit, and was

disorderly. No reasonable juror could find that arresting McCarty when there was probable

cause could constitute intentional infliction of emotional distress or that the conduct of the

officers at the Biloxi Police Department constituted intentional infliction of emotional distress.

The actions taken by officers after the arrest were reasonable given McCarty's combative

belligerent demeanor, his actively resisting arrest, his assault on two of the officers and his

spitting in the face of Officer Smith at the transport van. Summary judgment should be granted.

## XVIII.

In support of its motion, Defendants submit the following:

    (1) All pleadings including McCarty's complaint and the answers of the defendants filed

    as a matter of record herein and incorporated by reference;

    (2) Biloxi Police Department Report 20-019960 (Exhibit "A");

    (3) Affidavit of Aaron Smith (Exhibit "B");

    (4) Affidavit of Kris Hines (Exhibit "C");

    (5) Aaron Smith's Body Camera Footage (Exhibit "D") (filed conventionally);

    (6) Biloxi Police Department Station Camera Footage (Exhibit "E") (filed

    conventionally);

(7) Affidavit of Andrew England (Exhibit "F");

(8) Andrew England's Body Camera Footage (Exhibit "G") (filed conventionally);

(9) Aaron Smith's Patrol Car Dash Camera and Backseat Camera Footage (Exhibit "H")

(filed conventionally);

(10) Affidavit of Tri Nguyen (Exhibit "I");

(11) Affidavit of Brock Newell (Exhibit "J");

(12) Affidavit of David Abbot (Exhibit "K");

(13) Affidavit of Brandi Van Fossen (Exhibit "L");

(14) McCarty's Guilty Plea (Exhibit "M");

(15) McCarty's Sentencing Order (Exhibit "N");

(16) Entry of Nolle Prosequi (Exhibit "O"); and

(17) Defendant's Memorandum in support of Motion for Summary Judgment filed

separately and incorporated herein by reference.

XIX.

WHEREFORE, PREMISES CONSIDERED, the Defendants, Biloxi, England, Abbot, Nguyen, Newell, Van Fossen, and Hines, move this Court to grant this Joint Motion for Summary Judgment in its favor in this matter.

RESPECTFULLY SUBMITTED, this the 14th day of April, 2025.

**CURRIE JOHNSON & MYERS, P.A.**
Attorneys for Defendants Biloxi, Newell and Hines

BY:  __/s/ Zachary Cruthirds_____
        ZACHARY CRUTHIRDS (MSB 106279)
        J. HENRY ROS (MSB 5668)

Attorney for Defendants England, Abbot, Nguyen and Van Fossen

BY:  _/s/ Stephen B. Simpson_____
        STEPHEN B. SIMPSON (MSB 6809)

8

## CERTIFICATE OF SERVICE

I, Zachary Cruthirds, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which also sent notification to all counsel of record.

This the 14th day of April, 2025.

/s/ Zachary Cruthirds
ZACHARY CRUTHIRDS (MSB 106279)

**J. HENRY ROS (MSB 5668)**
**ZACHARY CRUTHIRDS (MSB 106279)**
**CURRIE JOHNSON & MYERS, P.A.**
2355 Pass Road
Biloxi, MS 39531
Telephone: (228) 385-1010
Facsimile: (228) 385-1011
Email:  hros@curriejohnson.com
zcruthirds@curriejohnson.com